IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

CLIFFORD A. COPHER                                            PLAINTIFF

v.                          CIVIL NO. 14-5152

CAROLYN W. COLVIN, Commissioner
Social Security Administration                                DEFENDANT

**O R D E R**

Plaintiff, Clifford A. Copher, appealed the Commissioner's denial of benefits to this Court. On July 13, 2015, judgment was entered remanding Plaintiff's case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g).  (Doc. 13).  Plaintiff now moves for an award of $4,198.04 in attorney's fees and costs under 28 U.S.C. § 2412, the Equal Access to Justice Act (hereinafter "EAJA"), requesting compensation for 21.10[1] attorney hours of work before the Court at an hourly rate of $187.00 for work performed in 2014 and 2015; 2.75 paralegal hours of work before the Court at an hourly rate of $75.00; and $27.39 in expenses.  (Docs. 14-15).  Defendant did not file a response to the motion.

Pursuant to 28 U.S.C. § 2412(d)(1)(A), the Court must award attorney's fees to a prevailing social security claimant unless the Commissioner's position in denying benefits was substantially justified.  The burden is on the Commissioner to show substantial justification for the government's denial of benefits.  Jackson v. Bowen, 807 F.2d 127, 128 (8th Cir. 1986). Under Shalala v. Schaefer, 509 U.S. 292, 302 (1993), a social security claimant who obtains a

---

[1] The Court notes Plaintiff's counsel requested a total of 21.20 attorney hours; however, the hours on the itemization indicate Plaintiff's counsel performed 21.10 attorney hours on the case. (Doc. 4, Exhibit 3).

1

sentence-four judgment reversing the Commissioner's denial of benefits and remanding the case for further proceedings is a prevailing party.

In determining a reasonable attorney's fee, the Court will in each case consider the following factors:  time and labor required; the novelty and difficulty of questions involved; the skill required to handle the problems presented; the preclusion of employment by the attorney due to acceptance of the case;  the customary fee;  whether the fee is fixed or contingent;  time limitations imposed by the client or the circumstances; the amount involved and the results obtained;  the attorney's experience, reputation and ability;  the "undesirability" of the case; the nature and length of the professional relationship with the client; and awards in similar cases.  Hensley v. Eckerhart, 461 U.S. 424, 430 (1983).

However, the EAJA is not designed to reimburse without limit.  Pierce v. Underwood, 487 U.S. 552, 573 (1988).  The Court can determine the reasonableness and accuracy of a fee request, even in the absence of an objection by the Commissioner.  Clements v. Astrue, 2009 WL 4508480 (W.D. Ark. Dec. 1, 2009); see also Decker v. Sullivan, 976 F.2d 456, 459 (8th Cir. 1992) ("Although the issue was not raised on appeal, fairness to the parties requires an accurately calculated attorney's fee award.").

The EAJA further requires an attorney seeking fees to submit "an itemized statement...stating the actual time expended and the rate at which fees and other expenses were computed."  28 U.S.C. § 2412(d)(1)(B).  Attorneys seeking fees under federal fee-shifting statutes such as the EAJA are required to present fee applications with "contemporaneous time records of hours worked and rates claimed, plus a detailed description of the subject matter of the work."  Id.  Where documentation is inadequate, the Court may reduce the award accordingly.  Hensley, 461 U.S. at 433 (1983).

Plaintiff's attorney requests an award under the EAJA for 19.50 hours of attorney work performed in 2014, at an hourly rate of $187.00; and 1.60 hours of attorney work performed in 2015, at an hourly rate of $187.00. The party seeking attorney fees bears the burden of proving that the claimed fees are reasonable. Hensley, 461 U.S. at 437. Attorney fees may not be awarded in excess of $125.00 per hour - the maximum statutory rate under § 2412(d)(2)(A) - unless the court finds that an increase in the cost of living or a special factor such as the limited availability of qualified attorneys justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A).

The decision to increase the hourly rate is not automatic and remains at the discretion of the district court. McNulty v. Sullivan, 886 F.2d 1074 (8th Cir. 1989). In Johnson v. Sullivan, 919 F.2d 503 (8th Cir. 1990), the Court stated that the hourly rate may be increased when there is "uncontested proof of an increase in the cost of living sufficient to justify hourly attorney's fees of more than [the maximum statutory hourly rate]," such as a copy of the Consumer Price Index (CPI). Plaintiff's counsel submitted a CPI in support of her requested hourly rate. Therefore, the undersigned believes her argument for enhanced fees based on a cost of living increase has merit.[2]

In Sanders v. Astrue, 2012 WL 19422 (W.D. Ark. Jan. 3, 2012) and 2011 WL 6937591 (W.D.Ark. October 31, 2011), this Court decided to follow the approach set forth in Knudsen v. Barnhart, 360 F.Supp. 2d 963, 969-974 (N.D. Iowa 2004), when determining how to a

---

[2] Per General Order 39, the allowable rate for each year is a follows, and for simplicity sake, the figure is rounded to the nearest dollar:

2014 - 227.082 x 125 divided by 152.4 (March 1996 CPI -South) = $186.25/hour- 186.00,

2015 - 228.451 x 125 divided by 152.4 (March 1996 CPI-South) = $187.38/hour - $187.00.

compute an attorney's fee award. In <u>Knudsen,</u> the Court found that "[A] reasonable balance between accuracy and ease of computation would be to require attorneys to adjust fees using the CPI available and applicable to the year when services are performed." <u>Id</u>. at 974. The <u>Knudsen</u> Court felt that this approach would strike a balance between "accuracy and what the court believes would potentially turn into a calculation nightmare." <u>Id.</u> The Court finds that an award based upon an hourly rate of $186.00 for work performed in 2014, and $187.00 for work performed in 2015, reflecting an increase in the cost of living, is appropriate in this instance. <u>See</u> <u>Johnson</u>, 919 F.2d at 505.

Plaintiff's counsel has also requested 2.75 paralegal hours of work at the rate of $75.00 per hour. The Court finds $75.00 per hour for paralegal work to be reasonable.

We next address the number of hours Plaintiff's counsel claims she spent working on this case. The Court has reviewed the itemized statement, and finds the amount of 19.50 hours for work performed in 2014, at an hourly rate of $186.00, and 1.60 hours for work performed in 2015, at an hourly rate of $187.00, is reasonable.

Plaintiff's counsel seeks 1.00 paralegal hour on June 8, 2014 (prepare and send summonses and service letters to US office of General Counsel, US Department of Justice, and US Attorney by certified mail return receipt requested delivery to postal service), from which the Court deducts 1.00 paralegal hour. This time cannot be compensated under the EAJA as it is found to be clerical work. <u>See</u> <u>Missouri v. Jenkins by Agyei</u>, 491 U.S. 274, 288 (1989)(Paralegal work is work that might otherwise be performed by a lawyer, such as factual investigation, including locating and interviewing witnesses; assistance with depositions, interrogatories, and document production; compilation of statistical and financial data; checking legal citations; and drafting correspondence. Purely clerical or secretarial tasks

4

should not be billed at a paralegal rate); Miller v. Alamo, 983 F.2d 856, 862 (8th Cir. 1993)(Work done by paralegals is compensable if it is work that would have been done by an attorney, such as going to the library to locate cases and preparing materials used by an attorney at oral argument). Accordingly, the Court deducts 1.00 paralegal hour from the total number of compensable hours sought.

Finally, counsel seeks reimbursement for $27.39 in postage. Such expenses are recoverable under the EAJA and the Court finds $27.39 is reasonable. See Kelly v. Bowen, 862 F.2d 1333, 1335 (8th Cir. 1988).

Based upon the holding in Astrue v. Ratliff, 130 S. Ct. 2521 (2010), the EAJA award should be paid directly to Plaintiff.

Based upon the foregoing, the Court finds that Plaintiff is entitled to an attorney's fee award under the EAJA for: 19.50 attorney hours for work performed in 2014, at hourly rate of $186.00, 1.60 attorney hours for work performed in 2015, at an hourly rate of $187, and 1.75 (2.75-1.00) paralegal hours at an hourly rate of $75.00, for a total attorney's fee of $4, 057.45; and $27.39 in expenses. This amount should be paid in addition to, and not out of, any past due benefits which Plaintiff may be awarded in the future.

The parties are reminded that the award herein under the EAJA will be taken into account at such time as a reasonable fee is determined pursuant to 42 U.S.C. § 406, in order to prevent double recovery by counsel for the Plaintiff.

IT IS SO ORDERED AND ADJUDGED this 30th day of December, 2015.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE